UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:02CV101

| | | |
|---|---|---|
| GRECON DIMTER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HORNER FLOORING CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Position Statement on Discovery Issues" (Document No. 83), filed October 20, 2005 by Grecon Dimter, Inc. ("Grecon"); and "Horner's Brief Regarding Grecon's Issues for Telephone Conference ..." (Document No. 82), filed October 20, 2005 by Horner Flooring Co., Inc. ("Horner Flooring"). More specifically, this matter is before the Court to address the third of three issues raised during telephone conferences held on October 21, 2005 – whether Horner Flooring must produce to Grecon a copy of a certain German law memorandum (the "Memorandum") it provided to one of its experts.

After *in camera* review of the Memorandum, the undersigned finds that the Memorandum consists almost entirely of attorney opinion work product and that redaction of the attorney opinion work product is not a feasible alternative. The undersigned further concludes that – considering the Fourth Circuit's "steadfast" protection of the work product privilege and the text of the Federal Rules of Civil Procedure, as well as the absence of controlling authority to the contrary – "attorney opinion work product is to be protected against disclosure even when it has been considered by an expert witness in forming his opinions." Ladd Furniture, Inc. v. Ernst & Young, 1998 WL 1093901 (M.D.

N.C. 1998). Accordingly, the undersigned finds that Horner Flooring is not obligated to produce the Memorandum to Grecon and any motion by Grecon to compel such production is denied.

**IT IS SO ORDERED**.

**Signed: November 4, 2005**

David C. Keesler
United States Magistrate Judge