# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**CIVIL NO. 3:02-CV-101-W**

| | |
|---|---|
| **GRECON DIMTER, INC.,** ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **HORNER FLOORING CO., INC.,** ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |
| ) | |

THIS MATTER comes before the Court, *sua sponte*, where in the course of final pretrial preparations the Court was unable to determine to its satisfaction the existence of federal subject matter jurisdiction, given that the amount in controversy set forth in GreCon's complaint, exclusive of interest and costs, falls below the jurisdictional minimum. 28 U.S.C. § 1332(a); see Cabe v. Pennwalt Corp., 372 F. Supp. 780 (W.D.N.C. 1974); but see Congaree Broadcasters, Inc. v. TM Programming, Inc., 436 F. Supp. 258 (D.S.C. 1977). Despite this late notice, the Court is guided by the fundamental principle that neither the parties' consent nor their failure to challenge jurisdiction can confer subject matter jurisdiction upon this court. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Accordingly, counsel are directed to attend this Friday's final pretrial conference prepared to provide authority and argument on the issue of whether this matter must be remanded, pursuant to 28 U.S.C. § 1447(c), to the Mecklenburg County Superior Court for trial and entry of judgment.[1]

---

[1] Because a remand order is not reviewable on appeal or by mandamus, see 28 U.S.C. § 1447(d), the Court requests that the parties give full and thorough attention to this matter between now and Friday, so as to facilitate an informed resolution of this dispositive issue without delaying the trial calendar.

IT IS SO ORDERED.

Signed: December 19, 2006

Frank D. Whitney
United States District Judge