**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:02CV101-W**

| | |
|---|---|
| **GRECON DIMTER, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| **HORNER FLOORING CO., INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's ". . . Motion for Leave to Take Deposition Pending Appeal" (document #146), and the "Brief in Support . . ." (document #147) both filed April 12, 2007. The Plaintiff filed its ". . . Response in Opposition . . ." (document #148) on April 25, 2007. The Plaintiff has not filed a Reply, and the time for doing so has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motion is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will grant the Defendant's ". . . Motion for Leave to Take Deposition Pending Appeal," as discussed below.

**I. FACTUAL AND PROCEDURAL HISTORY**

The Plaintiff originally filed this action in state court seeking contract damages in the amount of $43,569.80, exclusive of interests and costs. The Defendant removed the action to this Court, and filed compulsory counterclaims seeking, among other relief, rescission of those contracts.

On January 11, 2007, the Honorable Frank D. Whitney allowed the Plaintiff permission to

take interlocutory appeal of his finding of subject matter jurisdiction, reasoning that "if this case proceeds through an anticipated three-week-long trial in the absence of subject matter jurisdiction, any party aggrieved by the Court's judgment can reduce to a nullity the labors of the Court and counsel, and receive a second bite at the apple in state court." In the same Order, Judge Whitney, in his discretion, stayed this matter pending the Fourth Circuit's assumption of jurisdiction pursuant to 28 U.S.C. § 1292(b).

The Defendant now seeks a limited lift of the stay so that it may take the deposition of one of its expert witnesses, Mr. Howard Feldman. The Defendant has invested substantial time and resources in preparing for trial with Mr. Feldman (who is sixty-nine years old and has suffered from various health problems). The Defendant's concern is that Mr. Feldman's knowledge of the case will become stale in his memory, or even worse, that due to Mr. Feldman's age and health history he will be unable to testify when this five-year-old case, now on appeal, finally makes it to trial.

The Plaintiff argues, in contrast, that it has already deposed Mr. Feldman and thus, much of what he would testify to has already been preserved. The Plaintiff also points to the fact that Mr. Feldman, who has been in his sixties for the entire time this action has been pending, has been well enough so far to participate extensively as described by the Defendant. Further, preparing for Mr. Feldman's deposition at this point would require substantial time, effort and expense – all of which would be duplicated by essentially forcing the Plaintiff to prepare for trial twice. Proceeding with the deposition now would also prematurely give the Defendant notice of the weaknesses in Mr. Feldman's testimony and shed light on the Plaintiff's theories of liability.

As noted above, this Motion has been fully briefed and is, therefore, ripe for determination.

## II. DISCUSSION

At the outset, the Court notes that the Plaintiff is correct in its argument that Federal Rule of Civil Procedure 27(b) applies only to an appeal taken from a "judgment of a district court." There has been no final judgment in this action, and thus "Rule 27(b) by its terms is simply not applicable." See Shore v. Acands, Inc., 644 F.2d 386, 389 (5th Cir. 1981). However, in spite of Rule 27(b)'s inapplicability, the Court has been persuaded that the interests of justice require that this Motion be allowed.

The stay, which the Defendant seeks temporary relief from, was entered pursuant to the following:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). A stay of discovery is not mandatory pending an interlocutory appeal. Rather, it appears that Judge Whitney has entered this stay, in his discretion, to preserve resources and in the interest of the finality of the ultimate judgment in this action. Those same concerns would apply equally to allowing this deposition to go forward pending the appeal.

First, the Defendant has articulated genuine concerns regarding the availability of this expert at trial. It is clear that Mr. Feldman's involvement in this case has been extensive and that at this point his knowledge would be extremely relevant for the ultimate trier of fact. Where pretrial

3

discovery, including a deposition such as this one, will aid in the ultimate resolution of a matter on the merits, it should certainly be utilized to the fullest extent.  See, e.g., Twigg v. Norton Co., 894 F.2d 672, 675 (4th Cir. 1990) (noting the importance of broad pre-trial discovery to eliminate surprise at trial and to uncover the true controversy).

In returning to the District Court's concerns in granting the stay, preserving resources would lend itself to allowing this deposition to go forward.  While the Plaintiff will have to prepare earlier than expected, it nonetheless would have had to prepare at some point.  In contrast, if the Defendant lost the ability to use the expert it had spent time and money preparing over the last five years, it would be prejudiced in attempting to bring another expert up to speed in a short period of time.  Further, in the interest of reaching a final judgment on the merits, each party is entitled to move forward with their best expert, an opportunity which could be lost to the Defendant.  Accordingly, the Defendant's Motion will be granted.

## III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Defendant's ". . . Motion for Leave to Take Deposition Pending Appeal" (document #146) is **GRANTED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Frank D. Whitney</u>.

**SO ORDERED.**

Signed: May 10, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge